Dear Representative Bowler:
This office is in receipt of your opinion request dated June 26, 1996, in which you pose the following questions.
 1. Does La. R.S. 33:1975 guaranty free passage to paid firemen, even when on personal business? Since the Louisiana Constitution (Article VII, § 14) prohibits the donation of public property for private use, does the practice of permitting free toll bridge crossing under all circumstances create an unconstitutional use of public property?
 2. Does Article I, § 12 (Freedom from Discrimination) have any bearing on the validity of 33:1975, regarding paid firemen, volunteer firemen, and the public in general?
R.S. 33:1975 addresses paid and volunteer firemen regarding their free and unhampered passage on toll bridges and ferries. Section B states in part:
 B. (1) Any volunteer fireman shall have free and unhampered passage on and over toll bridges and ferries in this state when such fireman is performing official firefighting or fire preventions services.
As it is clearly stated in Section B, volunteer firemen are not guaranteed free passage on toll bridges and ferries when they are performing personal business.
Section A of this statute addresses paid firemen and states in part:
 A. All firemen shall have free and unhampered passage on and over toll bridges and ferries in this state, regardless of whether the firemen are in uniform or civilian clothes.
In accordance with the applicable provisions of the Administrative Procedure Act. R.S. 49:950 et seq., the Department of Transportation and Development has adopted a rule entitled Crescent City Connection — Exemptions from Tolls — Fireman, in accordance with R.S. 33:1975. However, this article also does not specify the scope of the exemption.
The Louisiana Constitution Article VII, § 14 states in part:
 (A) Prohibited uses. Except as otherwise provided by this constitution the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Given the lack of specifically limiting language in R.S.33:1975A, and considering Article VII, § 14 we must conclude that R.S. 33:1975 does not guarantee free passage to paid firemen when they are on personal business. The exemption provided in Section A of R.S. 33:1975 merely provides that whether a fireman is in uniform or civilian clothes, he is exempted from fees on toll bridges and ferries when performing fire fighting or related duties.
Article I, § 12 of the Louisiana Constitution regarding Freedom from Discrimination does not have any bearing on the validity of 33:1975 regarding paid fireman, volunteer fireman, and the public in general. Article I, § 12 states:
 In access to public areas, accommodations and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary and capricious, or unreasonable discrimination based on age, sex, or physical condition.
Work status, in this case status as paid versus volunteer fireman, is not one of the enumerated classes which is protected in Article I, § 12.
I trust that this opinion has answered your concerns. If you have further inquires please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW/pb
pb/wms/opinions/ 96-315
Date Received: Date Released: July 26, 1996
J. Richard Williams Assistant Attorney General